Governor Richard Lamm Capitol Building Denver, Colorado 80203
Dear Governor Lamm:
Your request for my opinion on Senate bill 65 (1980 Session) was received on April 21, 1980.
QUESTION PRESENTED AND CONCLUSION
You have asked whether Senate bill 65, as finally passed by the general assembly, is within the scope of the Governor's call.
 I analyzed the original version of Senate bill 65 in an opinion dated January 31, 1980 to Senator John R. Beno (copy attached) and I concluded that the bill was not within the call. Although the bill has been amended, the amendments do not change my opinion that the bill is not on the call.
ANALYSIS
As I stated in my earlier opinion Senate bill 65 does not continue the Colorado Commission on Women. Rather, the bill abolishes the existing commission and creates a Division on Women and a new State Commission on Women within that division. See pp. 1-2 of Senate bill 65 and the bill's title. The changes made by the bill are substantive and cannot be dismissed as mere differences in terminology.
Under present law, the Colorado Commission on Women itself has the status of a division within the Department of Regulatory Agencies. C.R.S. 1973, 24-34-201(2)(a). Under Senate bill 65, a new position of division director is created and the new State Commission on Women is placed under the director. Some of the powers now exercised by the Colorado Commission on Women are transferred by Senate bill 65 to the new division director. See pp. 2-3 of Senate bill 65. Other powers presently vested in the commission are simply abolished. E.g., Senate bill 65 repeals C.R.S. 1973, 24-34-201(3)(e) which empowers the commission to "make surveys and appoint advisory committees in the fields of education, social services, labor laws and employment policies, law enforcement, health and safety, new and expanded services, legal rights, family relations, volunteer services, and such other fields as may be appropriate." A new restriction on political activity by the commission and commissioners is added at pp. 3-4 of Senate bill 65.
The effect of Senate bill 65 is to transform the commission from a policymaking body to an advisory committee which can act only through the division director.
The final version of Senate bill 65 differs from the original version in the composition of the new commission. As passed by the legislature, 24-34-203 of the bill provides for a 15-member commission with one member from each congressional district and 10 at-large members. Senate confirmation of the commission members is required.
The two relevant call items are items 3 and 4 on the January 11, 1980 call. Item 3 reads: "To change the termination date of the Colorado Commission on Women by amending Colorado Revised Statutes 1973, 24-34-104." Item 4 listed the following subject for legislative consideration: "To provide for Senate confirmation of the members of the Colorado Commission on Women."
Since I wrote my first opinion on Senate bill 65, the Colorado Supreme Court has decided the consolidated cases of Peoplev. McKenna, No. 79-SA-165, and People v. Newell, No. 79-SA-209 (Colo. May 5, 1980). In those cases, the defendants contended that the Governor's call for the first extraordinary session in 1978 was too narrow and unconstitutionally usurped the legislature's power. The call item in question read:
 Solely for the business of changing the effective date of House Bill 1589, Chapter 216, Session Laws of 1977, by amending Section 79 thereof.
Slip opinion at 5. In response to this call, the legislature postponed the effective date of H.B. 1589 (1977 Session) from July 1, 1978 to April 1, 1979. The court upheld the above call item, saying:
 The Governor's call did not tell the legislature how to modify the general subject matter his call conveyed. The General Assembly could retain the July 1, 1978 effective date or it could change the date to any one of a number of possibilities. The legislature elected to postpone the effective date of the bill until April 1, 1979, allowing time for review / during its next regular session /. In this situation we cannot say that the Governor exercised power belonging to the legislature. The effective date of H.B. 1589 was validly postponed.
Slip opinion at 7-8.
Call item 3 on the January 11, 1980 list is substantially the same as the item upheld in People v. McKenna,supra. Hence, I adhere to my January 31, 1980 opinion that item 3 is a valid limitation on the scope of legislation which may be enacted and Senate bill 65 is not within item 3.
It also remains my opinion that Senate bill 65 is not within item 4. Like item 3, item 4 is narrowly drawn and the provisions of the bill, as discussed above, go far beyond the issue of senate confirmation. Even the senate confirmation section of the amended bill is not within item 4 because the senate confirmation provided in Senate bill 65 is for the members of the new commission created by the bill and not for the Colorado Commission on Women. Thus, Senate bill 65 is outside the scope of item 4.
SUMMARY
For the reasons discussed in this opinion and my January 31, 1980 opinion to Senator Beno, it is my view that Senate bill 65 is not on the call and, under article V, section 7 of the Colorado Constitution, the bill cannot be validly enacted during this session.
Very truly yours,
 J.D. MacFARLANE Attorney General
GOVERNOR LEGISLATIVE BILLS WOMEN
S.B. 65 (1980) C.R.S. 1973, 24-34-201
C.R.S. 1973, 24-34-203 Colo. Const. art. V, § 7
EXECUTIVE BRANCH Governor, Office of LEGISLATIVE BRANCH General Assembly REGULATORY AGENCIES, DEPT. Commission on Women
S.B. 65 (1980 Session), as finally passed by the General Assembly, is not within the scope of items 3 or 4 of the Governor's January 11, 1980 call.